Margarethe Wilhelmine Ellen Hicks, Appellee, v. Iowa
State Highway Commission et al., Appellants.

No. 43250.

March 17, 1936.

Edward L. O'Connor, Attorney General, C. E. Walters,

Special Assistant Attorney General, and Nichol & Nichol, for appellants.

Lee, Steinberg & Walsh, for appellee.

MITCHELL, J.—Margarethe Wilhelmine Ellen Hicks, the owner of the property hereinafter described, commenced this action to restrain the highway commission and others from entering upon, condemning, appropriating, and taking 5.89 acres of her land, with the improvements thereon, for highway purposes.

This case and the one of Reed v. Highway Commission, 221 Iowa 500, 266 N. W. 47, are companion cases, and by agreement in open court were tried and submitted on the same evidence. Injunctive relief was asked on the ground that the proposed condemnation was unlawful, arbitrary, and oppressive. The petition set out the same allegations. The answer was the same. And the decision of the lower court was the same as in the case of Reed v. Highway Commission, in which opinion we have set out material parts of these pleadings. No good could be accomplished by repeating them here.

As in the Reed case, the only question before this court is whether or not the proposed appropriation and construction did constitute the "rounding of a corner" within the legislative prohibition, upon which ground alone the lower court granted the injunction prayed for.

The appellee is the owner of the northwest quarter of the northwest quarter of section 9, township 83, north of range 21, west of the Fifth P. M., Story county, Iowa, except the right of way of the Chicago & Northwestern Railway. Said 40 is substantially rectangular in shape, and located upon said land and near the northwest corner thereof are the dwelling and outbuildings. For twenty-one years appellee has owned this property, but never lived on same until shortly before the proposed condemnation proceedings were commenced. She is a maiden lady, seventy years of age, and is not the head of a family, and there are no homestead rights involved.

Federal Highway No. 30 (the Lincoln Highway) runs east and west along the north side of both the Hicks and Reed properties. Federal Highway No. 65 (the Jefferson Highway), coming from the north, makes a "T" intersection with Highway No. 30 at the northeast corner of section 8 and the northwest corner

of section 9, the common corner of the Reed and Hicks proper-
ties. Until a few years ago traffic on No. 65 came down and
made the square turn when passing on to road No. 30. Some
time ago the highway commission acquired the right of way for
and constructed two curved roadways, branching off No. 65 some
850 feet north of No. 30. One of these roadways curved to the
west on about a six-degree curve and connected with highway
No. 30 about 850 feet west of the old intersection. The other
made a similar curve to the east and connected with road No. 30
about 850 feet east of the old intersection. Highway No. 30,
Highway No. 65, and these curved wings on Highway No. 65,
were all approximately 100 feet wide.

Coming into the town of Colo from the south is a graveled
primary highway known as No. 64, which, if projected north in a
straight line, would follow the line between said sections 8 and 9
and intersect with No. 30 and connect with No. 65 at the com-
mon corner of sections 4, 5, 8, and 9.

Heretofore Highway No. 64, coming into Colo from the
south, has turned west just south of the right of way of the
Chicago & Northwestern Railway and meandered through the
streets of Colo in order to reach primary Highways 30 and 65.
It is the purpose of the highway commission at this time to extend
64 northward through an underpass under the Chicago & North-
western to highway No. 30 and to connect with No. 65 at the
common corner of the four sections.

As part of this proposed project, wide curves, substantially
corresponding with those now connecting primary road No. 30
with primary road No. 65 to the north, will connect No. 30 and
the relocated No. 64 to the south. When completely relocated
No. 64 will cross No. 30 at the common corner for the four sec-
tions above referred to. Four quadrants will be created, each
inclosed by the two highways, thus intersecting at right angles
and by a curved hypotenuse connecting the two highways in all
directions and permitting travel from whichever direction on
either road to turn in either direction on the other. Both wings
of the "Y" to the north of No. 30 have been constructed and
paved, and it is now the purpose of the highway commission to
construct and pave corresponding arches or curves south of No.
30, connecting with the new or relocated No. 64 to the south.

Reed of the companion case owns a tract of land through
which the west wing will be constructed, and appellee Hicks

512

owns the tract across which the east wing will be constructed. The highway commission, in its proceedings, is proposing to condemn all of the land within the triangles formed by Highway No. 30, the proposed extension of No. 64 to the north, and the curved wings or roadways above referred to. The total amount of land belonging to the appellee Hicks sought to be acquired is 5.89 acres.

The situation at the point in controversy is a little bit difficult to describe, but the following diagram will serve to clarify the description:

The law governing this case is the same as in the case of Reed v. Highway Commission, opinion in which case was handed

down at this term of court, and this case is controlled by the opinion in the Reed case (221 Iowa 500).

It therefore follows that this case must be, and it is hereby, affirmed.

Donegan, C. J., and Hamilton, Kintzinger, Richards, and Stiger, JJ., concur.